**ORAL ARGUMENT HELD DECEMBER 15, 2021**
**OPINION ISSUED JUNE 21, 2022**

No. 20-5203
_____

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

CLETUS WOODROW BOHON, BEVERLY ANN BOHON,
WENDELL WRAY FLORA, MARY McNEIL FLORA,
ROBERT MATTHEW HAMM, and AIMEE CHASE HAMM,

*Plaintiff-Appellants*,

*v.*

FEDERAL ENERGY REGULATORY COMMISSION, NEIL
CHATTERJEE, and MOUNTAIN VALLEY PIPELINE, LLC,

*Defendant-Appellees*.

_____

On Appeal from the United States District Court for the District of Columbia
Case No. 20-cv-6 (the Hon. James E. Boasberg, U.S. District Judge, Presiding)

On Remand from the United States Supreme Court (Case No. 22-256)
_____

**SUPPLEMENTAL BRIEF OF DEFENDANT-**
**APPELLEE MOUNTAIN VALLEY PIPELINE, LLC**
_____

(Counsel listed inside cover.)

Wade W. Massie
PENN, STUART & ESKRIDGE
208 East Main Street
Abingdon, VA 24210
Phone: 276.623.4409
Email: wmassie@pennstuart.com

Brian D. O'Neill
VAN NESS FELDMAN LLP
1050 Thomas Jefferson St., NW
Washington, DC 20007
Phone: 202.298.1983
Email: bdo@vnf.com

Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
Email: jmarwell@velaw.com

*Counsel for Defendant-Appellee Mountain Valley Pipeline, LLC*

# **TABLE OF CONTENTS**

**Page**

Table of Contents ................................................................................................. i

Table of Authorities .......................................................................................... ii

Introduction and Summary of Argument .................................................. 1

Argument ............................................................................................................. 4

    I.    The Fiscal Responsibility Act Deprives this Court and the District Court of Statutory and Article III Jurisdiction. .......................................... 4

        A.    The Act Deprives this Court and the District Court of Statutory Jurisdiction. ..................................................................... 4

        B.    The Act Deprives this Court and the District Court of Article III Jurisdiction. .................................................................. 6

    II.    *Axon* Lends No Support to the Plaintiffs' Arguments. ............................. 8

        A.    The Gas Act Explicitly Strips District Courts of Jurisdiction Over the Types of Claims Plaintiffs Are Pursuing Here. ............... 9

        B.    The Gas Act Implicitly Divests District Courts of Jurisdiction to Hear the Plaintiffs' Claims ......................................................... 11

            1.    Precluding District-Court Jurisdiction Would Not Foreclose Meaningful Judicial Review over the Plaintiffs' Claims. ................................................................ 13

            2.    The Plaintiffs' Claims Are Not "Wholly Collateral" to the Gas Act's Judicial-Review Provisions ........................... 15

            3.    The Plaintiffs' Claims Are Not Wholly Outside FERC's Expertise. ............................................................. 16

    III.    This Case Should Not Be Remanded to the District Court. ..................... 18

Conclusion .......................................................................................................... 20

Certificate of Compliance .............................................................................. 21

Certificate of Service ....................................................................................... 22

i

## <u>TABLE OF AUTHORITIES</u>

**Cases:**                                                                    **<u>Page(s)</u>**

*Amgen, Inc. v. Smith*,
    357 F.3d 103 (D.C. Cir. 2004)...........................................................................19

*Appalachian Voices v. FERC*, Nos. 17-1271 *et al.*,
    2019 WL 847199 (D.C. Cir. Feb. 19, 2019) (per curiam).............................9, 13

*Axon Enterprise, Inc. v. FTC*,
    143 S. Ct. 890 (2023)......................................... 1, 2, 8, 11, 12, 13, 14, 15, 16, 17

*Bank Markazi v. Peterson*,
    578 U.S. 212 (2016)..............................................................................................6

*Bohon v. FERC*,
    37 F.4th 663 (D.C. Cir. 2022)............................................................. 1, 3, 4, 10

*City of Tacoma v. Taxpayers of Tacoma*,
    357 U.S. 320 (1958)..............................................................................................3

*Friends of the Earth v. Haaland*,
    No. 22-5036, 2023 WL 3144203 (D.C. Cir. Apr. 28, 2023) (per curiam).......6, 8

*Henry v. City of Rock Hill*,
    376 U.S. 776 (1964)............................................................................................19

*In re Sealed Case*,
    246 F.3d 696 (D.C. Cir. 2001)...........................................................................19

*James v. Hodel*,
    696 F. Supp. 699 (D.D.C. 1988)...........................................................................8

*James v. Lujan*,
    893 F.2d 1404 (D.C. Cir. 1990) (per curiam)......................................................8

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992).............................................................................................7

*Metro. Washington Chapter, Associated Builders & Contractors, Inc. v. D.C.*,
    62 F.4th 567 (D.C. Cir. 2023)..............................................................................6

**Cases—Continued:**                                                    <u>**Page(s)**</u>

*Nat'l Coal. to Save Our Mall v. Norton*,
   269 F.3d 1092 (D.C. Cir. 2001) ........................................................6

*Patchak v. Jewell*,
   828 F.3d 995 (D.C. Cir. 2016) ..........................................................5

*Patchak v. Zinke*,
   138 S. Ct. 897 (2018) ........................................................................5

*PennEast Pipeline Co., LLC v. New Jersey*,
   141 S. Ct. 2244 (2021) ....................................................................10

*Senate Permanent Subcomm. on Investigations v. Ferrer*,
   856 F.3d 1080 (D.C. Cir. 2017) ........................................................8

*Texas v. United States*,
   798 F.3d 1108 (D.C. Cir. 2015) ......................................................19

*Thunder Basin Coal Co. v. Reich*,
   510 U.S. 200 (1994) ........................................ 2, 11, 12, 13, 15, 16

**Statutes:**

15 U.S.C. § 45(c) ..............................................................................2

15 U.S.C. § 78y ...............................................................................11

15 U.S.C. § 78y(a) .............................................................................2

15 U.S.C. § 717r(a) ............................................................................9

15 U.S.C. § 717r(b) ..................................................... 1, 3, 5, 6, 9, 10

15 U.S.C. § 717f(e) ..........................................................................16

15 U.S.C. § 717f(h) ..........................................................................14

28 U.S.C. § 1331 ...................................................................... 2, 5, 8

**Statutes—Continued:** **Page(s)**

Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, 137 Stat. 10 (June 3, 2023)

§ 324(b)................................................................................................ 4

§ 324(c)(1) ....................................................................................... 1, 7

§ 324(c)(2) ....................................................................................... 1, 7

§ 324(e)(1) .................................................................................... 1, 4, 5

§ 324(e)(2) .........................................................................................18

**Administrative Materials:**

*Certification of New Interstate Natural Gas Pipeline Facilities*,
    88 FERC ¶ 61,227 (1999)................................................................17

*Certification of New Interstate Natural Gas Pipeline Facilities*,
    174 FERC ¶ 61,125 (2021) ..............................................................14

*Mountain Valley Pipeline, LLC*,
    163 FERC ¶ 61,197 (2018)...............................................................13

*PennEast Pipeline Co.*,
    170 FERC ¶ 61,064 (2020)...............................................................18

**Other Authorities:**

Br. for Petitioner, *Axon Enterprise, Inc. v. FTC*,
    143 S. Ct. 890, 2022 WL 1502571 (U.S. May 9, 2022)....................11

Br. for Respondent, *SEC v. Cochran*,
    143 S. Ct. 890 (2023), 2022 WL 2515191 (June 30, 2022) ..............11

Reply Br. for Petitioner, *Axon Enterprise, Inc. v. FTC*,
    143 S. Ct. 890, 2022 WL 12635921 (Sept. 9, 2022) .........................15

## INTRODUCTION AND SUMMARY OF ARGUMENT

This Court previously affirmed the District Court's dismissal of this action for lack of subject-matter jurisdiction under the Natural Gas Act's general judicial-review provisions, 15 U.S.C. § 717r(b). *Bohon v. FERC*, 37 F.4th 663 (D.C. Cir. 2022). The Supreme Court later granted the Plaintiffs' petition for writ of certiorari and remanded for this Court to consider the relevance of its intervening decision in *Axon Enterprise, Inc. v. FTC*, 143 S. Ct. 890 (2023).

After the remand, however, President Biden signed the Fiscal Responsibility Act of 2023 (the "Act"). Section 324 of that statute "ratifie[d] and approve[d]" all authorizations for the Mountain Valley Pipeline, including the project's certificate of public convenience and necessity from the Federal Energy Regulatory Commission ("FERC" or "Commission"), and directed the Commission to "continue to maintain [that] authorization[]." Pub. L. No. 118-5, § 324(c)(1)-(2), 137 Stat. 10, 47 (June 3, 2023). The Act also provided that, "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any action taken by" the Commission or other federal agencies "that grants an authorization" for "the Mountain Valley Pipeline." *Id.* § 324(e)(1), 137 Stat. at 47. The Act deprives both this Court and the District Court of statutory jurisdiction to review the Plaintiffs' claims, which ask the District Court to "void" the Mountain Valley certificate. *See infra* Section I.A. The Act also, and separately, deprives the Court of Article III

1

jurisdiction.  *See infra* Section I.B.  This Court can and should affirm the District Court's dismissal based on a narrow, case-specific application of Section 324 to this appeal.   That outcome would avoid the need for the Court to address the implications, if any, of *Axon* for the Natural Gas Act's general judicial-review provisions.

Even if this Court were to reach broader questions under *Axon*, it should again affirm the dismissal of this action.  *Axon* held that the judicial-review schemes in the Federal Trade Commission Act, 15 U.S.C. § 45(c), and Securities Exchange Act, *id.* § 78y(a), did not **implicitly** displace a district court's federal-question jurisdiction to entertain certain claims brought at the outset of a federal agency proceeding, challenging the structure or existence of those agencies.  In so holding, the Supreme Court recognized that Congress may "explicitly" substitute an appellate-review scheme for district-court jurisdiction under 28 U.S.C. § 1331.  *Axon*, 143 S. Ct. at 900.  But because Congress had not done so with regard to the specific claims at issue in that case, the sole question in *Axon* was whether Congress had displaced district-court jurisdiction "implicitly."  *Id.*  To answer that question, the Court applied the framework from *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994).

This case is different.  As this Court explained in its June 2022 opinion, the Natural Gas Act ("Gas Act") **explicitly** strips jurisdiction over the type of claims the Plaintiffs have brought here.  That conclusion follows from the particular

2

circumstances of this case, where the Plaintiffs brought claims seeking to "void" a specific FERC order, after this Court had obtained and exercised "exclusive" jurisdiction over FERC's final order under 15 U.S.C. § 717r(b), and after this Court's judgment had become final. *Bohon*, 37 F.4th at 664-66. For decades, it has been black-letter law that challenges to a FERC certificate order must be raised in an appropriate court of appeals, pursuant to 15 U.S.C. § 717r(b). *Cf. City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958) (same conclusion as to analogous provision of Federal Power Act). *Axon* did not address explicit jurisdiction stripping, and thus nothing in *Axon* disturbs that line of cases or calls into question this Court's prior holding. *See infra* Section II.A.

Although there is no need to reach the question, if this case is analyzed through the lens of **<u>implicit</u>** jurisdiction stripping, *Axon* confirms that each of the *Thunder Basin* factors tilts decidedly against the Plaintiffs. *See infra* Section II.B.

In sum, there are multiple independent reasons why the Plaintiffs' case should be dismissed for want of jurisdiction, including: (1) jurisdiction stripping under Section 324, (2) the absence of Article III jurisdiction in light of Section 324, (3) explicit jurisdiction stripping under the Gas Act, and (4) implicit jurisdiction stripping under the Gas Act. Any one of those defects would be sufficient grounds to affirm the District Court.

# ARGUMENT

## I.   The Fiscal Responsibility Act Deprives this Court and the District Court of Statutory and Article III Jurisdiction.

### A.   The Act Deprives this Court and the District Court of Statutory Jurisdiction.

The Act "finds and declares that the timely completion of construction and operation of the Mountain Valley Pipeline is required in the national interest."  Act § 324(b), 137 Stat. at 47.  To that end, the Act provides that

> no court shall have jurisdiction to review any action taken by the . . . Federal Energy Regulatory Commission . . . that grants an authorization . . . for . . . the Mountain Valley Pipeline, including the issuance of any authorization . . . issued prior to, on, or subsequent to the date of enactment of this section, and including any lawsuit pending in a court as of the date of enactment of this section.

*Id.* § 324(e)(1), 137 Stat. at 47-48.  Because the plain language of the Act divests both this Court and the District Court of statutory jurisdiction over the Plaintiffs' claims, this Court must affirm the District Court's dismissal of this lawsuit.

The Plaintiffs' Complaint seeks a declaratory judgment that FERC's 2017 certificate for the Mountain Valley Pipeline is "void."   JA22-23; *see* JA20 (Complaint ¶ 47) (similar); JA21 (Complaint ¶ 53) (similar); JA183 (similar); JA196 (similar).  Given the Plaintiffs' own framing of their desired relief, this Court and the District Court both correctly construed this action as a "collateral attack on the FERC order."  *Bohon*, 37 F.4th at 666; *accord* JA279 (District Court characterizing Plaintiffs' claims as "collateral constitutional attacks").  A "collateral attack on the

4

FERC order" authorizing the construction and operation of the Mountain Valley Pipeline plainly qualifies as an effort to "review any action taken by . . . the [Commission] . . . that grants an authorization . . . for the construction and initial operation at full capacity of the Mountain Valley Pipeline." Act § 324(e)(1), 137 Stat. at 47. Thus, the Act deprives this Court and the District Court of jurisdiction to review the merits of Plaintiffs' claims.

Importantly, the Act strips jurisdiction over the types of claims the Plaintiffs have brought here "**notwithstanding any other provision of law**." Act § 324(e)(1), 137 Stat. at 47 (emphasis added). The Act therefore overrides both (1) the general grant of subject-matter jurisdiction in 28 U.S.C. § 1331, which the Plaintiffs have identified as the purported basis of jurisdiction over their lawsuit, JA12 (Complaint ¶ 6); and (2) the jurisdiction-channeling provision in the Gas Act, 15 U.S.C. § 717r(b), which would otherwise confer jurisdiction on this Court to review a FERC certificate order.

Section 324—which substantively amends the law by ratifying and approving federal authorizations for the Mountain Valley Project, and strips all courts of jurisdiction to review those permits—is a valid exercise of Congress's legislative powers.[1] Plaintiffs' lawsuit falls squarely within the express scope of Section 324.

---

[1] Both this Court and the Supreme Court have repeatedly upheld similar legislation against constitutional challenges. *See Patchak v. Jewell*, 828 F.3d 995, 1000-07 (D.C. Cir. 2016), *aff'd sub nom. Patchak v. Zinke*, 138 S. Ct. 897 (2018); *Bank*

5

The passage of the Act, which occurred **after** the Supreme Court issued its order remanding this case for further consideration, therefore provides an opportunity for this Court to bypass broader questions concerning the impact of *Axon* on statutory review schemes.  Instead of addressing the interplay between *Axon* and 15 U.S.C. § 717r(b), this Court can and should issue a narrow, case-specific decision that Section 324 deprives all courts of jurisdiction over the Plaintiffs' particular claims. *See Metro. Washington Chapter, Associated Builders & Contractors, Inc. v. D.C.*, 62 F.4th 567, 576 (D.C. Cir. 2023) ("[I]f it is not necessary to decide more, it is necessary not to decide more." (internal quotation marks omitted)).

## B.    The Act Deprives this Court and the District Court of Article III Jurisdiction.

The Act also creates a second jurisdictional defect under Article III.  Section 324(c) of the Act provides that

> [n]otwithstanding any other provision of law . . . Congress hereby ratifies and approves all authorizations . . . and any other approvals or orders issued pursuant to Federal law necessary for the construction and initial operation at full capacity of the Mountain Valley Pipeline; and . . . . Congress hereby directs . . . the Federal Energy Regulatory Commission . . . to continue to maintain such authorizations . . . issued pursuant to Federal law necessary for the construction and initial operation at full capacity of the Mountain Valley Pipeline.

---

*Markazi v. Peterson*, 578 U.S. 212, 229-34 (2016); *Nat'l Coal. to Save Our Mall v. Norton*, 269 F.3d 1092, 1093-97 (D.C. Cir. 2001); *see also Friends of the Earth v. Haaland*, No. 22-5036, 2023 WL 3144203, at *2 (D.C. Cir. Apr. 28, 2023) (per curiam).

Act § 324(c)(1)-(2), 137 Stat. at 47.

By their own account, the Plaintiffs' standing theory derives entirely from injuries allegedly caused by FERC's decision to grant the Mountain Valley certificate. *See, e.g.*, JA181 (Plaintiffs explaining that "[w]hat FERC did, i.e., issue the MVP Certificate, is . . . what caused the injury that gives the Plaintiffs standing"); *id.* (Plaintiffs claiming that they "suffered an injury in fact[] caused by the Commission's challenged decision" (internal quotation marks and emphases omitted)). The Plaintiffs also concede that the "direct and tangible relief" they seek in this case includes "[v]oiding" the FERC certificate "that caused [their] injury"— *i.e.*, the certificate issued to Mountain Valley. JA183.

The Act, however, prevents this Court from granting Plaintiffs their requested relief, and thus they cannot establish the redressability element of Article III jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (plaintiffs lack standing unless it is "likely" that their claimed "injury will be redressed by a favorable decision" from the reviewing court (internal quotation marks omitted)); *accord* JA183. Neither this Court nor the District Court can award the Plaintiffs the remedy they seek—*i.e.*, an order "void[ing]" the Mountain Valley FERC certificate—because Congress has now both (1) "ratifie[d] and approve[d]" that very authorization and (2) "direct[ed]" the Commission "to continue to maintain [that] authorization[]." Act § 324(c)(1)-(2), 137 Stat. at 47. Given that this Court cannot

redress the Plaintiffs' claimed injuries, there is no Article III case or controversy, and their case must be dismissed. *See Haaland*, 2023 WL 3144203, at *1 (where Congress, in intervening legislation, directed agency to take action challenged in pending case, it became "impossible" for this Court to grant "effective relief" to groups challenging that agency action).[2]

## II. *Axon* Lends No Support to the Plaintiffs' Arguments.

If this Court were to conclude that Section 324 of the Act does not apply, it should still affirm the dismissal of the Complaint under *Axon*. In *Axon*, the Supreme Court recognized that district courts "ordinarily" have jurisdiction under 28 U.S.C. § 1331 to hear "claims 'arising under' federal law," but also confirmed that Congress "may substitute for that district court authority an alternative scheme of review." 143 S. Ct. at 900. *Axon* then stated that Congress may strip district courts of jurisdiction "**explicitly**, providing in so many words that district court jurisdiction will yield," or "**implicitly**, by specifying a different method to resolve claims about

---

[2] *See also James v. Hodel*, 696 F. Supp. 699, 701 (D.D.C. 1988) ("The ratification and confirmation of the government defendants' decision . . . transforms the plaintiffs' challenge to that decision into a challenge of the [statute] itself. . . . Once Congress has thus ratified agency action by statute, even if that action had been arbitrary and capricious, judicial review requires a challenge to the statute itself."), *aff'd sub nom. James v. Lujan*, 893 F.2d 1404 (D.C. Cir. 1990) (per curiam); *Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1085 (D.C. Cir. 2017) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed as moot." (internal quotation marks omitted)).

agency action" other than litigation in district court.  *Id.* (emphasis added).  Under *Axon*, the Gas Act strips district courts of jurisdiction over Plaintiffs' claims both explicitly (*see infra* Section II.A) and implicitly (*see infra* Section II.B).

## A.      The Gas Act Explicitly Strips District Courts of Jurisdiction Over the Types of Claims Plaintiffs Are Pursuing Here.

The Gas Act provides that a party may, after administrative rehearing, seek judicial review of a FERC order in an appropriate court of appeals.  15 U.S.C. § 717r(a)-(b).  The "jurisdiction" of the court of appeals "**shall be exclusive**" "upon the filing of the [administrative] record with [that court]."  *Id.* § 717r(b) (emphasis added).  The "judgment and decree of the court [of appeals], affirming, modifying, or setting aside" any "such order of the Commission, shall be final," subject only to review in the Supreme Court.  *Id.*

It is undisputed that the Plaintiffs filed their lawsuit in the District Court years after FERC issued the final order challenged here, and long after the administrative record had been filed in this Court, thus vesting this Court with "exclusive" jurisdiction.  15 U.S.C. § 717r(b).  Indeed, the claims here were filed even after this Court had issued its decision upholding FERC's certificate order, and after this Court's decision became "final" when no party sought certiorari.  *See Appalachian Voices v. FERC*, Nos. 17-1271 *et al*., 2019 WL 847199 (D.C. Cir. Feb. 19, 2019) (per curiam) (denying petitions for review of FERC's 2017 certificate order for

9

Mountain Valley). This case thus falls squarely within the class of cases and claims for which the Gas Act's appellate-review scheme is explicitly "exclusive."

The panel in this case previously decided this appeal on that understanding. This Court's June 2022 opinion was framed around the text of 15 U.S.C. § 717r(b). The panel correctly held that the statute "makes clear" that once the record had been filed in this Court during the challenge to FERC's certificate order, this Court's "jurisdiction became 'exclusive.'" *Bohon*, 37 F.4th at 665 (quoting 15 U.S.C. § 717r(b)). For that reason, the panel did not have occasion to analyze the three *Thunder Basin* factors governing implied jurisdiction stripping. Instead, the Court proceeded directly from its analysis of the statutory text to addressing and rejecting the Plaintiffs' arguments for why the statutory review scheme should not apply. *See, e.g.*, *id.* at 665-66 (rejecting arguments based on "facial" nature of the Plaintiffs' claims and *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244 (2021)).

Explicit jurisdiction stripping was not at issue in *Axon*, where a party sought judicial intervention before the agency enforcement proceeding had even begun (unlike here, where the Plaintiffs filed their claims targeting the agency's final order long after that order had issued and been upheld on judicial review). Indeed, the Supreme Court briefs in those cases confirm that the arguments were limited to

10

implicit jurisdiction stripping.[3]  Thus, *Axon* plainly did not hold that district courts

**always** have jurisdiction over structural constitutional claims of the type at issue

here.   *Axon* in fact confirmed that Congress "of course" may strip jurisdiction

"explicitly."  143 S. Ct. at 900.  That is exactly what Congress did in the Gas Act,

for the kind of claims asserted here.

### B.    The Gas Act Implicitly Divests District Courts of Jurisdiction to Hear the Plaintiffs' Claims.

Even if this Court read the Gas Act as not explicitly divesting district courts

of jurisdiction to hear Plaintiffs' claims, the Plaintiffs still could not prevail.  Judge

Boasberg correctly held that under the *Thunder Basin* framework, the Gas Act

implicitly strips jurisdiction over the Plaintiffs' claims (JA279-85).  Nothing in *Axon*

affects that holding.

The question whether a statute implicitly forecloses a district court's

jurisdiction over a particular class of claims is decided by reference to the "*Thunder

Basin* factors."  *Axon*, 143 S. Ct. at 900 (citing *Thunder Basin*, 510 U.S. at 212-13).

---

[3] *See* Br. for Petitioner at i, *Axon*, 143 S. Ct. 890, 2022 WL 1502571 (U.S. May 9, 2022) (framing question presented as whether "Congress **impliedly** stripped federal district courts of jurisdiction over constitutional challenges to the Federal Trade Commission's structure" (emphasis added)); Br. for Respondent at 2, *SEC v. Cochran*, 143 S. Ct. 890 (2023), 2022 WL 2515191 (June 30, 2022) ("[T]he SEC does not rest its position on the text of any congressionally enacted statute expressly stripping district courts of their longstanding grant of federal-question jurisdiction. **Everyone agrees there is no such statute**.  Instead, the SEC advances the atextual theory that Congress implicitly stripped that jurisdiction in 15 U.S.C. § 78y." (emphasis added)).

11

The *Thunder Basin* test involves two inquiries.  Courts first ask whether there is a "fairly discernible" intent in the statutory scheme to route judicial review of at least some claims away from the district courts.  *Thunder Basin*, 510 U.S. at 207.  If so, the second question is whether "the particular claims brought were 'of the type Congress intended to be reviewed within this statutory structure.'"  *Axon*, 143 S. Ct. at 900 (quoting *Thunder Basin*, 510 U.S. at 208).  The Supreme Court has "identified three considerations designed to aid in that [second] inquiry."  *Axon*, 143 S. Ct. at 900.  Those factors are (1) whether precluding district court jurisdiction would "foreclose all meaningful judicial review," *Thunder Basin*, 510 U.S. at 212-13; (2) whether the claim is "wholly collateral to [the] statute's review provisions," *id.* at 212; and (3) whether the claim is "outside the agency's expertise," *id.*  A statute will be found to have implicitly stripped jurisdiction when Congress's intent to achieve that outcome is clear, even "if the factors point in different directions."  *Axon*, 143 S. Ct. at 900.

There can be no doubt that the first part of the *Thunder Basin* test is satisfied.  Judge Boasberg rightly explained—and the Plaintiffs have never disputed—that Congress's use of the word "exclusive" in the statute, together with the administrative exhaustion requirement, evinces a "fairly discernable" intent to channel at least **some** claims involving FERC orders directly to the courts of appeals.  *See* JA279-80.  And, as explained in detail below, all three of the *Thunder Basin*

factors—as reaffirmed and applied in *Axon*—suggest that the Plaintiffs' claims here are among those that Congress intended to route away from the district courts.

### 1. Precluding District-Court Jurisdiction Would Not Foreclose Meaningful Judicial Review over the Plaintiffs' Claims.

The first *Thunder Basin* factor asks "whether preclusion of district court jurisdiction 'could foreclose all meaningful judicial review.'" *Axon*, 143 S. Ct. at 902 (quoting *Thunder Basin*, 510 U.S. at 212-13). That factor weighs decidedly against the Plaintiffs. The Plaintiffs here could have received meaningful judicial review of their constitutional claims by participating in the agency proceeding, seeking rehearing, and then bringing their claims to the court of appeals. **Other** landowners—but not the Plaintiffs here—did exactly that, and their arguments were addressed (and rejected) by both FERC and this Court. *See* JA280.[4]

The question of whether judicial review in the court of appeals is "meaningful" may depend on the relationship between "the alleged injury and the timing of review." *Axon*, 143 S. Ct. at 903. Where a party challenges the legitimacy of the agency decisionmaker or process itself, a concern can arise that agency proceedings may not "culminate[] in [agency] action" that is reviewable in the court of appeals; for example, the agency may decide in favor of the plaintiff, in which

---

[4] FERC's orders expressly considered and addressed claims from project opponents concerning the use of eminent domain and the application of the non-delegation doctrine. *See Mountain Valley Pipeline, LLC*, 163 FERC ¶ 61,197, PP 73-75 (2018), *aff'd*, *Appalachian Voices*, 2019 WL 847199.

case the plaintiff could ordinarily not appeal to challenge the process. *Id.* at 902. In those types of cases, "the court of appeals can do nothing," thus leaving the plaintiff without recourse for their alleged injury of having been "subjected to [an] unconstitutional agency authority." *Id.* at 903-04 (internal quotation marks omitted). The first *Thunder Basin* factor favored the plaintiffs in *Axon* and *Cochran* for exactly this reason. *See id.*

This case is the opposite. Unlike the target of an agency enforcement action, who claims aggrievement from being subjected to an ongoing agency process, the Plaintiffs' only claimed injury is that their real property was subject to eminent-domain proceedings following issuance of Mountain Valley's FERC certificate. *See supra* pp. 6-7. That injury could have arisen only **after** FERC issued the certificate, because the Gas Act only confers eminent-domain authority on the holder of a FERC certificate. 15 U.S.C. § 717f(h); *see Certification of New Interstate Nat. Gas Facilities*, 174 FERC ¶ 61,125, P 10 (2021) ("Only **after** the Commission authorizes a project can the project sponsor assert the right of eminent domain for outstanding lands for which it could not negotiate an easement." (emphasis added)). Put differently, Plaintiffs' injury could not have occurred until **after** issuance of the certificate order (i.e., at the conclusion of the agency proceeding). That is completely unlike the injury in *Axon* and *Cochran*, where the plaintiffs claimed injury from being subjected to an allegedly unconstitutional ongoing administrative

14

process.  Critically, FERC's order here had already been appealed—and the

appellate process had already ended—before the Plaintiffs filed their Complaint.  In

this sense, the Plaintiffs' case is fundamentally different from *Axon* and *Cochran*,

where the plaintiffs sought relief from an **ongoing** administrative process.[5]

### 2.    The Plaintiffs' Claims Are Not "Wholly Collateral" to the Gas Act's Judicial-Review Provisions.

The second *Thunder Basin* factor asks whether the claim is "wholly collateral

to [the] statute's review provisions."  *Thunder Basin*, 510 U.S. at 212.  In *Axon*, the

Supreme Court held that this factor favored the plaintiffs because they were not

challenging "actions taken in the agency proceedings" and because their "claims

[did] not relate" to the "adjudicat[ion]" of any matter before the agency.  143 S. Ct.

at 904.

Again, this case could not be more different.  The Plaintiffs' Complaint

expressly asks the District Court to "enter a declaratory judgment" that the Mountain

Valley Certificate is "void *ab initio*."  JA22-23; *see supra* p. 4.  The fact that the

Plaintiffs here initiated an offensive action with the goal of having a final agency

---

[5] Indeed, Axon conceded that the jurisdictional issue in its case would have been much different if it had "sought district-court review of a final agency order for which [a path to] appellate review was specified" by statute.  Reply Br. for Petitioner at 5, *Axon*, 143 S. Ct. 890, 2022 WL 12635921 (Sept. 9, 2022); *accord id.* at 7 (Axon's injuries are "independent from any final agency order").  Phrased differently, even the Petitioner in *Axon* agreed that district courts would not have jurisdiction if a plaintiff aggrieved by a final agency order sought review of that order in district court, instead of in the court of appeals.

order (the Mountain Valley Certificate) "declar[ed] . . . void" distinguishes their case from *Axon* and *Cochran*, where no final order even existed when the plaintiffs' lawsuits were filed, and where the plaintiffs therefore could not be understood as seeking to modify any such order.

### 3. The Plaintiffs' Claims Are Not Wholly Outside FERC's Expertise.

The third *Thunder Basin* factors asks whether the claims at issue are "outside the agency's expertise." *Thunder Basin*, 510 U.S. at 212. This factor favors implicit jurisdiction stripping when, as here, the plaintiff's "claims are . . . intertwined with or embedded in matters on which the [agency is] expert," or when there is a chance that the agency could "obviate the need to address the[] constitutional claims" by ruling on other grounds. *Axon*, 143 S. Ct. at 906. Those considerations were not at play in *Axon*, but they are here.

Had the Plaintiffs participated in the FERC proceedings, the agency might have acted differently, thus "obviating" the need for a ruling on constitutional issues. FERC may issue a certificate under the Natural Gas Act only when the applicant demonstrates that its project "is or will be required by the present or future public convenience and necessity." 15 U.S.C. § 717f(e). The Commission considers a variety of factors before acting on a certificate application, including the need to minimize "unneeded exercise of eminent domain" and whether the need for the pipeline outweighs the interests and concerns of "Landowners whose land would be

16

condemned for the new pipeline right-of-way." *Certification of New Interstate Natural Gas Pipeline Facilities*, 88 FERC ¶ 61,227, pp. 61,737, 61,748 (1999).

If the Plaintiffs here had taken their concerns to FERC, the agency might have modified its authorization in some fashion, perhaps to avoid routing the pipeline through the Plaintiffs' property. And because the right of eminent domain is tied to the route approved in a certificate, such a modification would have mooted the Plaintiffs' constitutional claims. The District Court correctly explained that, "if Plaintiffs had raised their constitutional claims to the agency in the context of challenging the MVP certificate, FERC might have mooted them by modifying the pipeline order." JA284.

Moreover, the claims at issue here are "intertwined with or embedded in matters on which the [agency is] expert" in a way that the claims in *Axon* were not. *Axon*, 143 S. Ct. at 906. The plaintiff in *Axon* claimed that the administrative law judge administering the enforcement proceeding enjoyed an unconstitutional level of protection from removal, *id.* at 899, and *Axon* held that the agency was "ill suited" to adjudicate or provide guidance on that claim, *id.* at 905-06. Here, rather than removal protections, the claims relate (for Counts 2 and 3) to the Gas Act's eminent domain provisions and (for Count 1) the non-delegation doctrine. "[T]he court of appeals would likely benefit from [FERC's] elaboration" on issues such as the Gas Act's eminent domain authority and the public convenience and necessity standard

17

as it considers the Plaintiffs' eminent domain arguments and whether the Natural Gas Act "unconstitutionally delegates legislative power."  JA284; *see also PennEast Pipeline Co.*, 170 FERC ¶ 61,064 P 1 (2020) (providing "the Commission's interpretation of the scope of the eminent domain authority in section 7(h) of the Natural Gas Act").

### III.    This Case Should Not Be Remanded to the District Court.

In their filings following the Supreme Court's decision in *Axon*, the Plaintiffs suggested that the Court should summarily remand this matter to the District Court. To the extent Plaintiffs may argue that Section 324 of the Act is unconstitutional or does not apply to their claims, remand is plainly inappropriate; Section 324 provides that this Court (not a district court) "shall have **original and exclusive** jurisdiction over any claim alleging the invalidity of this section or that an action is beyond the scope of authority conferred by this section."  Act § 324(e)(2), 137 Stat. at 48 (emphasis added).

Even if this Court views this case as turning on issues beyond Section 324, there is no reason to remand.  Plaintiffs have argued that the Supreme Court's remand order for consideration of *Axon* shows that the Supreme Court "rejected" Mountain Valley's jurisdictional arguments.  Plaintiffs' Mot. to Remand at 6, Doc. 2001198; *see id.* at 1-2, 4 (claiming that *Axon* "confirmed" that this case should proceed to trial (emphasis removed)).  That argument misreads *Axon* for the reasons

18

given above, and evinces a fundamental misunderstanding of GVR orders. "It is well-settled that a GVR has no precedential weight and does not dictate how the lower court should rule on remand." *Texas v. United States*, 798 F.3d 1108, 1116 (D.C. Cir. 2015); *accord In re Sealed Case*, 246 F.3d 696, 699 (D.C. Cir. 2001) (noting that a GVR "does 'not amount to a final determination on the merits'" (quoting *Henry v. City of Rock Hill*, 376 U.S. 776, 777 (1964))).

The Plaintiffs have also suggested that an "immediate[] remand" is warranted because any "further delay" would be "contrary to the interests of justice" given that the Plaintiffs "have been waiting many years for their day in court." Plaintiffs' Mot. to Remand at 6, 3 (emphasis removed). The opposite is true. If this Court were to remand, the District Court would lack jurisdiction to adjudicate arguments Plaintiffs may wish to raise about the scope or validity of Section 324. And whatever decision the District Court makes would be subject to appeal to this Court, whose review would be *de novo*. When, as here, the relevant questions in an appeal are purely legal, this Court may appropriately resolve them in the first instance without remanding. *E.g.*, *Amgen, Inc. v. Smith*, 357 F.3d 103, 111 (D.C. Cir. 2004) ("remand to the district court is unnecessary" when the issue presented is a "pure question of law"). That practice conserves judicial and party resources. Because the District Court lacks jurisdiction, it is in everyone's interest—including the Plaintiffs'—for this Court to say so now, rather than further delay the final resolution of this case.

19

## **CONCLUSION**

The Fiscal Responsibility Act and *Axon* confirm, for multiple independent reasons, that the District Court lacks subject-matter jurisdiction over Plaintiffs' claims. This Court should therefore affirm the District Court's judgment dismissing the complaint.

Date: August 7, 2023

Respectfully submitted,

*/s/ Jeremy C. Marwell*

Wade W. Massie
PENN, STUART & ESKRIDGE
208 East Main Street
Abingdon, VA 24210
Phone: 276.623.4409
Email: wmassie@pennstuart.com

Brian D. O'Neill
VAN NESS FELDMAN LLP
1050 Thomas Jefferson St., N.W.
Washington, DC 20007
Phone: 202.298.1983
Email: bdo@vnf.com

Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
Email: jmarwell@velaw.com

*Counsel for Defendant-Appellee Mountain Valley Pipeline, LLC*

20

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the word limit set in this Court's order of July 7, 2023 because it contains 4,851 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f) and 27(d)(2).

2.    This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font.


August 7, 2023                          */s/ Jeremy C. Marwell*
                                       Jeremy C. Marwell
                                       Vinson & Elkins LLP
                                       2200 Pennsylvania Avenue, NW
                                       Suite 500 West
                                       Washington, DC 20037
                                       Phone: 202.639.6507
                                       Email: jmarwell@velaw.com

                                       *Counsel for Mountain Valley Pipeline, LLC*

21

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that on August 7, 2023, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

August 7, 2023

*/s/ Jeremy C. Marwell*
Jeremy C. Marwell
Vinson & Elkins LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
Email: jmarwell@velaw.com

*Counsel for Mountain Valley Pipeline, LLC*

22