ORAL ARGUMENT HELD DECEMBER 15, 2021

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CLETUS WOODROW BOHON, *et al.*, <br><br> *Appellants*, <br><br> *v.* <br><br> FEDERAL ENERGY REGULATORY COMMISSION, *et al.*, <br><br> *Appellees.* | No. 20-5203 |

**MOTION OF MOUNTAIN VALLEY PIPELINE, LLC FOR
LEAVE TO SUBMIT SUPPLEMENTAL RESPONSE BRIEF**

Pursuant to Federal Rule of Appellate Procedure 27 and D.C. Circuit Rule 27, Defendant-Appellee Mountain Valley Pipeline, LLC ("Mountain Valley") respectfully moves for an order granting all parties leave to submit simultaneous supplemental response briefs, to ensure that the Court has adversarial briefing on the issues raised in the parties' supplemental briefs filed on August 7, 2023. In particular, the supplemental brief of Plaintiffs-Appellants raised several facial challenges to the constitutionality of Section 324 of the Fiscal Responsibility Act of 2023 (the "Act"), a statute that Appellees have argued deprives federal courts of jurisdiction over the underlying claims in this case. Plaintiffs' facial constitutional

challenges were raised for the first time in their August 7 supplemental brief, and so Appellees did not previously have reason or occasion to address them.

Mountain Valley seeks leave to file a response brief so that this Court has adversarial briefing on the constitutional arguments the Plaintiffs have raised, to the extent this Court decides to reach those issues in disposing of this case. Specifically, Mountain Valley proposes that each party be permitted to submit a 3,500-word supplemental response brief, limited to responding to arguments in the August 7 supplemental briefs. With regard to the timing of such briefs, due to other professional obligations, Mountain Valley proposes that any response briefs be filed by September 15, 2023, or 14 days after an order of this Court allowing such briefs, whichever is later.

The Federal Energy Regulatory Commission ("Commission") takes no position on this motion. Plaintiffs report their position as follows: "Plaintiffs oppose additional briefing and any further delays in their case."

In support of this motion, Mountain Valley states the following:

**I.     Procedural Background**

1.     The procedural background of this case is set forth in Mountain Valley's prior submissions and not reproduced here. *See* Mot. at 2-6 (July 3, 2023), Doc. 2006265.

2. Pursuant to this Court's order of July 7, 2023 authorizing briefs of up to 5,000 words, all parties filed supplemental briefs on August 7, 2023, addressing issues relevant to this Court's action on remand from the Supreme Court. In pertinent part, Appellees argued that Section 19 of the Natural Gas Act deprives the district court of jurisdiction over this case; that *Axon Enterprise, Inc. v. Federal Trade Commission*, 143 S. Ct. 890 (2023), does not change that result; and that Section 324 of the Act independently deprives the district court and this Court of jurisdiction and is an alternate ground supporting dismissal of the case. The Plaintiffs' supplemental brief argues, among other things, that Section 324 of the Act is unconstitutional on grounds that it: (1) "violates the separation of powers" under *United States v. Klein*, 80 U.S. 128 (1872); (2) confers a "special status" on Mountain Valley, in purported violation of the Titles of Nobility Clause and the Equal Protection Clause; and (3) violates the Ex Post Facto Clause. Suppl. Br. of Landowners at 2, 13-19 (Aug. 7, 2023), Doc. 2011299.

## II.   Request for Leave to Submit Response Briefs

3. At present, this Court does not have adversarial briefing on the constitutional challenges raised in Plaintiffs' August 7 supplemental brief. The parties' original merits briefs did not have occasion to address those issues, because the Act was not enacted until well after those briefs were filed. Appellees' supplemental briefs argued that the Act, on its face, divests the district court and this

Court of jurisdiction. But given the simultaneous timing of the supplemental briefing, Appellees did not (and could not) know whether Plaintiffs would challenge the validity of that Act, or the contours of the arguments Plaintiffs might raise.

4. Having adversarial briefing is a basic premise of appellate decisionmaking, and is especially important in cases where, as here, a party raises a constitutional challenge to a federal statute. *See Clark v. Valeo*, 559 F.2d 642, 649 n.8 (D.C. Cir. 1977) (per curiam) (noting that "appropriate advers[arial] . . . briefing" would "certainly assist a court in resolving [an] important constitutional question").

5. Mountain Valley respectfully requests that the Court authorize the parties to file simultaneous supplemental response briefs in this case not in excess of 3,500 words, and limited to addressing issues raised in the August 7 supplemental briefs. Given Plaintiffs' opposition to additional briefing, Mountain Valley respectfully suggests that the Court authorize (but not require) parties to file such briefs. If this motion is granted, Mountain Valley's response brief would focus primarily on Plaintiffs' challenges to the constitutionality of the Act, to ensure that this Court has adversarial briefing on those issues, in the event this Court reaches the constitutional questions in its disposition of this case. *Cf.* Act § 324(e)(2) (vesting this Court with "original and exclusive jurisdiction over any claim alleging the invalidity of this section").

6. Allowing supplemental response briefs would be consistent with this Court's prior practice. In appropriate cases, this Court has allowed parties to respond to their adversaries' arguments, in the context of supplemental briefs.[1] Similarly, this Court has allowed supplemental opening and response briefs following "GVR" orders from the Supreme Court.[2]

## III. Conclusion

Mountain Valley respectfully requests that this Court enter an order authorizing the parties to file 3,500-word supplemental response briefs by September 15, 2023, or within 14 days of the date of the Court's order granting leave to file, whichever is later.

---

[1] *See, e.g.*, Order, *Nat'l Mining Ass'n v. U.S. Dep't of Interior* (No. 96-5274), Doc. 568219 (D.C. Cir. Jan 10, 2001) (in case that arguably became moot during appeal, inviting supplemental brief from appellees, followed by a supplemental brief from appellant 14 days later); Order, *Davis v. Dep't of Labor* (No. 13-5026), Doc. 1470746 (D.C. Cir. Dec. 16, 2013) (similar; inviting supplemental brief from one appellee, followed by "supplemental reply brief" from appellant 15 days later); Order, *United States v. Bruns* (No. 09-3077), Doc. 1302719 (D.C. Cir. Apr. 11, 2011) (inviting supplemental brief, then "responsive supplemental brief," then "supplemental reply brief").

[2] *See, e.g.*, Order, *Rasul v. Myers* (Nos. 06-5209 *et al.*), Doc. 1155475 (D.C. Cir. Dec. 22, 2008) (following GVR, allowing simultaneous supplemental briefs of 15 pages and then supplemental reply briefs of 10 pages, to be filed 10 days later); Order, *Moore v. Hartman* (No. 10-5334), Doc. 1380714 (D.C. Cir. June 26, 2012) (same).

Date: August 18, 2023

Wade W. Massie
PENN, STUART & ESKRIDGE
208 East Main Street
Abingdon, VA 24210
Phone: 276.623.4409
Email: wmassie@pennstuart.com

Brian D. O'Neill
VAN NESS FELDMAN LLP
1050 Thomas Jefferson St., N.W.
Washington, DC 20007
Phone: 202.298.1983
Email: bdo@vnf.com

Respectfully submitted,

*/s/ Jeremy C. Marwell*

Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
Email: jmarwell@velaw.com

*Counsel for Defendant-Appellee Mountain Valley Pipeline, LLC*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,049 words, excluding the parts exempted by Federal Rules of Appellate Procedure 32(f) and 27(d)(2).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font.

August 18, 2023

*/s/ Jeremy C. Marwell*
Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
Email: jmarwell@velaw.com

*Counsel for Mountain Valley Pipeline, LLC*

# **CERTIFICATE OF SERVICE**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that on August 18, 2023, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

August 18, 2023                    */s/ Jeremy C. Marwell*
                                            Jeremy C. Marwell
                                            VINSON & ELKINS LLP
                                            2200 Pennsylvania Avenue, NW
                                            Suite 500 West
                                            Washington, DC 20037
                                            Phone: 202.639.6507
                                            Email: jmarwell@velaw.com

                                            *Counsel for Mountain Valley Pipeline, LLC*