ORAL ARGUMENT HELD DECEMBER 15, 2021
OPINION ISSUED JUNE 21, 2022

No. 20-5203
_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

CLETUS WOODROW BOHON, BEVERLY ANN BOHON,
WENDELL WRAY FLORA, MARY McNEIL FLORA,
ROBERT MATTHEW HAMM, and AIMEE CHASE HAMM,

*Plaintiff-Appellants*,

*v.*

FEDERAL ENERGY REGULATORY COMMISSION, NEIL
CHATTERJEE, and MOUNTAIN VALLEY PIPELINE, LLC,

*Defendant-Appellees*.

_____

On Appeal from the United States District Court for the District of Columbia
Case No. 20-cv-6 (the Hon. James E. Boasberg, U.S. District Judge, Presiding)

On Remand from the United States Supreme Court (Case No. 22-256)
_____

**SUPPLEMENTAL RESPONSE BRIEF OF DEFENDANT-
APPELLEE MOUNTAIN VALLEY PIPELINE, LLC**
_____

(Counsel listed inside cover.)

Wade W. Massie
PENN, STUART & ESKRIDGE
208 East Main Street
Abingdon, VA 24210
Phone: 276.623.4409
Email: wmassie@pennstuart.com

Brian D. O'Neill
VAN NESS FELDMAN LLP
1050 Thomas Jefferson St., NW
Washington, DC 20007
Phone: 202.298.1983
Email: bdo@vnf.com

Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
Email: jmarwell@velaw.com

*Counsel for Defendant-Appellee Mountain Valley Pipeline, LLC*

# <u>TABLE OF CONTENTS</u>

**Page**

Table of Authorities ............................................................................. ii

Introduction and Summary of Argument...................................................1

Argument ...........................................................................................3

    I.    *Axon* Does Not Affect the Natural Gas Act's Express Displacement of District Court Jurisdiction....................................................................3

    II.    Section 324 Applies Here and Is Constitutional. ...................................5

        A.    Section 324 Squarely Encompasses Plaintiffs' Claims. .................5

        B.    Section 324 Does Not Violate the Separation of Powers. ..............7

            1.    *National Coalition* Rejected a Similar Separation-of-Powers Challenge. ................................................................7

            2.    Plaintiffs' Other Separation-of-Powers Arguments Are Wrong. ................................................................11

        C.    Plaintiffs' Remaining Constitutional Arguments Fail. ..................13

Conclusion ......................................................................................15

Certificate of Compliance .....................................................................16

Certificate of Service ..........................................................................17

i

# TABLE OF AUTHORITIES

**Cases:**                                                                **Page(s)**

*Am. Hospital Ass'n v. Azar*,
  964 F.3d 1230 (D.C. Cir. 2020) ..........................................................................5

*Appalachian Voices v. FERC*,
  No. 17-1271, 2019 WL 847199 (D.C. Cir. Feb. 19, 2019) ...........................1, 10

*Appalachian Voices v. U.S. Dep't of the Interior*,
  78 F.4th 71 (4th Cir. 2023) ..................................................................................9

*Axon Enterprise, Inc. v. FTC*,
  143 S. Ct. 890 (2023) ......................................................................................1, 4

*Bank Markazi v. Peterson*,
  578 U.S. 212 (2016) ..............................................................................9, 11, 12

*Bohon v. FERC*,
  37 F.4th 663 (D.C. Cir. 2022) ...........................................................1, 3, 6

*Carmell v. Texas*,
  529 U.S. 513 (2000) ...........................................................................................15

*Cohens v. Virginia*,
  19 U.S. (6 Wheat.) 264 (1821) ..........................................................................13

*Collins v. Youngblood*,
  497 U.S. 37 (1990) .............................................................................................15

*Dolenz v. Fahey*,
  298 F. App'x 380 (5th Cir. 2008) ......................................................................13

*Elgin v. Dep't of Treasury*,
  567 U.S. 1 (2012) ...............................................................................................10

*Eskra v. Morton*,
  524 F.2d 9 (7th Cir. 1975) .................................................................................13

*Friends of Animals v. Jewell*,
  824 F.3d 1033 (D.C. Cir. 2016) ..........................................................................9

**Cases—Continued:**                                                    **Page(s)**

*Friends of the Earth v. Haaland*,
No. 22-5036, 2023 WL 3144203 (D.C. Cir. Apr. 28, 2023) ...............................9

*Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*,
460 F.3d 13 (D.C. Cir. 2006) ...............................................................13

*Holt Civic Club v. City of Tuscaloosa*,
439 U.S. 60 (1978)...............................................................................14

*Metro. Cas. Ins. Co. of N.Y. v. Brownell*,
294 U.S. 580 (1935)..............................................................................14

*Mountain Valley Pipeline, LLC v. Wilderness Soc'y*,
No. 23A35, 2023 WL 4770018 (U.S. July 27, 2023)........................................9

*Nat'l Coal. to Save Our Mall v. Norton*,
269 F.3d 1092 (D.C. Cir. 2001)................................................. 2, 7, 8, 12, 13, 15

*Patchak v. Jewell*,
828 F.3d 995 (D.C. Cir. 2016) ...................................................................9

*Patchak v. Zinke*,
138 S. Ct. 897 (2008)................................................................... 9, 12, 13

*Robertson v. Seattle Audubon Soc'y*,
503 U.S. 429 (1992).................................................................................8

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
549 U.S. 422 (2007).................................................................................4

*United States v. Heinszen*,
206 U.S. 370 (1907)...............................................................................8, 13

*United States v. Klein*,
80 U.S. (13 Wall.) 128 (1872) ...................................................................7, 12

*Webster v. Doe*,
486 U.S. 592 (1988)................................................................................10

iii

**Constitutional Provisions:** **Page(s)**

U.S. Const. amend. XIV ...............................................................................14

U.S. Const. art. I, § 9.............................................................................. 13, 14

**Statutes:**

15 U.S.C. § 717r(b)............................................................................... 1, 4, 10

Fiscal Responsibility Act of 2023, Pub. L.  No. 118-5, 137 Stat. 10 (2023)

    § 324.................................................................................................7

    § 324(b).........................................................................................7, 14

    § 324(c)...............................................................................................2

    § 324(c)(1)......................................................................................5, 8

    § 324(c)(2)..........................................................................................5

    § 324(d)...............................................................................................7

    § 324(e)(1) ............................................................................... 2, 5, 6, 9

**Regulations and Administrative Authorities:**

18 C.F.R. § 157.6(d) ...................................................................................10

*Mountain Valley Pipeline, LLC*,
    163 FERC ¶ 61,197 (2018) ...................................................................10

**Other Authorities:**

Addendum to Petitioners' Joint Opening Br., *Appalachian Voices v. FERC*,
    No. 17-1271 et al. (Doc. 1748841) (Sept. 4, 2018) ............................10

Fed. Respondents' Response, *Mountain Valley Pipeline LLC v. Wilderness Soc'y*
    (S. Ct. No. 23A35), 2023 WL 4706845 (July 21, 2023) ......................7

J.M. Balkin, *The Constitution of Status*,
    106 Yale L.J. 2313 (1997) ...................................................................13

iv

## INTRODUCTION AND SUMMARY OF ARGUMENT

Mountain Valley submits this supplemental response brief pursuant to this Court's order of September 27, 2023, which granted leave for parties to respond to issues raised in the opening supplemental briefs.

As the opening supplemental briefs demonstrate, federal courts lack jurisdiction to adjudicate Plaintiffs' claims, for multiple independent reasons. As this Court already held, the Natural Gas Act explicitly stripped the District Court of statutory jurisdiction to entertain Plaintiffs' lawsuit by channeling to this Court all claims challenging Mountain Valley's FERC certificate. *See Bohon v. FERC*, 37 F.4th 663, 665 (D.C. Cir. 2022). Years ago, this Court fully adjudicated all claims challenging Mountain Valley's FERC certificate that were timely raised (by other project opponents) under 15 U.S.C. § 717r(a)-(b). *See Appalachian Voices v. FERC*, No. 17-1271, 2019 WL 847199 (D.C. Cir. Feb. 19, 2019). Nothing in *Axon Enterprise, Inc. v. FTC*, 143 S. Ct. 890 (2023), alters that conclusion about the Gas Act's preclusive effect. Plaintiffs' confused discussion of *Axon* continues to ignore that it was an *implicit* jurisdiction stripping case, whereas this case involves *explicit* jurisdiction stripping. And even viewing this case through the lens of implicit jurisdiction stripping, an analysis of the relevant factors confirms the district court lacked jurisdiction. Although Section 324 of the Fiscal Responsibility Act ("Act") raises additional jurisdictional barriers for Plaintiffs, this Court can resolve the case

1

on Natural Gas Act grounds, avoiding the need to address Plaintiffs' newly raised challenges to Section 324's constitutionality.

Regardless, dismissal would also be required under Section 324, in which Congress took decisive steps to end the unprecedented, years-long litigation campaign waged against Mountain Valley. Congress not only ratified and approved all federal authorizations (including the FERC certificate that Plaintiffs attack here), it divested federal courts of jurisdiction to review "any action taken by [FERC] . . . that grants an authorization . . . for . . . the Mountain Valley Pipeline." Pub. L. No. 118-5, §§ 324(c), 324(e)(1), 137 Stat. 10, 47 (2023). That language unambiguously applies to this case, in which Plaintiffs—according to their own Complaint and repeated assertions in District Court and this Court—seek a judicial declaration that FERC's long-since-final certificate for Mountain Valley Pipeline is "void."

Lacking any colorable textual argument that their case falls outside Section 324, Plaintiffs challenge its constitutionality. But they fail even to cite, never mind analyze, relevant cases from this Court. *Cf.* Pls.' Supp. Br. 13-19, Doc. 2011299. That omission is fatal, given this Court's precedent rejecting similar separation-of-powers claims. *See, e.g.*, *Nat'l Coal. to Save Our Mall v. Norton*, 269 F.3d 1092 (D.C. Cir. 2001). And because this Court already fully adjudicated all challenges to FERC's order that were timely raised in the administrative and judicial process that Congress specified, this case presents no questions about whether Congress can

preclude *all* review of constitutional claims. Plaintiffs' passing references to certain other constitutional theories, such as the Nobility and Ex Post Facto Clauses, are equally meritless.

## **ARGUMENT**

I.   *Axon* **Does Not Affect the Natural Gas Act's Express Displacement of District Court Jurisdiction.**

Mountain Valley has explained why this Court's prior opinion is correct and consistent with *Axon*. *See* Mountain Valley ("MVP") Supp. Br. 8-18, Doc. 2011297. Three points bear mention in response to Plaintiffs' opening supplemental brief:

1. Plaintiffs strive to recharacterize their claims as not "about FERC's order." Pls.' Supp. Br. 7. But as discussed *infra* § II.A, that assertion is not credible, and is foreclosed by Plaintiffs' Complaint and repeated representations to this Court and the District Court—including ongoing requests for a judicial ruling "void[ing]" Mountain Valley's certificate order. This Court and the District Court both already correctly rejected Plaintiffs' belated and self-contradictory efforts to recharacterize their case; nothing in *Axon* changes that record-specific understanding of the claims presented.

2. Plaintiffs continue to ignore that *Axon* involved only **implicit** jurisdiction-stripping (*see* MVP Supp. Br. 10-11 & n.3), but this case, and this Court's prior opinion, rest on **explicit** jurisdiction stripping (*Bohon*, 37 F.4th at 665). Plaintiffs overread *Axon* in suggesting that district courts *always* "retain [28 U.S.C.] § 1331

3

jurisdiction" over structural constitutional claims.  Pls.' Supp. Br. 4.  And they ignore *Axon*'s holding that Congress may strip jurisdiction over such claims "explicitly," 143 S. Ct. at 900, as here.  Plaintiffs filed their Complaint only after the Natural Gas Act vested this Court with "exclusive" jurisdiction to review FERC's certificate, and after this Court's judgment upholding FERC's orders became "final."  15 U.S.C. § 717r(b).

3.    Even under a framework of implicit jurisdiction stripping, Plaintiffs address only one of the *Thunder Basin* factors (*i.e.*, agency expertise) and ignore the other two.  *See* Pls.' Supp. Br. 8-9.  A complete *Thunder Basin* analysis demonstrates that the District Court lacked jurisdiction.  *See* MVP Supp. Br. 11-18.  Among other things, Plaintiffs allege harm arising only upon completion of the agency process (*i.e*., the certificate vesting eminent domain authority), not a harm from an ongoing agency process.  *Id.* at 13-15.  And Plaintiffs' claims **do** implicate agency expertise; "the court of appeals would likely benefit from [FERC's] elaboration" on the Natural Gas Act's eminent-domain provisions and public-convenience-and-necessity standard in considering Plaintiffs' non-delegation challenges.  JA284; *see* MVP Supp. Br. 16-18.[1]

---

[1] Mountain Valley has argued that Section 324 separately deprives this Court of Article III and statutory jurisdiction.  *See* MVP Supp. Br. 4-8.  If this Court were to agree with Mountain Valley that Section 324 creates an Article III defect, it could dismiss the appeal on that ground alone, without addressing issues related to statutory jurisdiction.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549

4

II.     **Section 324 Applies Here and Is Constitutional.**

    A.     **Section 324 Squarely Encompasses Plaintiffs' Claims.**

Plaintiffs' lawsuit falls neatly within Section 324.  *See* MVP Supp. Br. 4-6.
In that statute, Congress "ratifie[d] and approve[d] all authorizations, permits, . . .
and any other approvals or orders issued pursuant to Federal law necessary for the
construction and initial operation at full capacity of the Mountain Valley Pipeline"
and directed the "Federal Energy Regulatory Commission" (among other agencies)
to "continue to maintain" the same.  Act § 324(c)(1)-(2).  Section 324 further
provides that

> no court shall have jurisdiction to review any action taken by the . . .
> Federal Energy Regulatory Commission . . . that grants an authorization
> . . . for . . . the Mountain Valley Pipeline, including the issuance of any
> authorization . . . issued prior to . . . the date of enactment of this
> section, and including any lawsuit pending in a court as of the date of
> enactment of this section.

*Id.* § 324(e)(1).

Plaintiffs suggest they are "not challenging actions taken by FERC."  Pls.'
Supp. Br. 11.  But their Complaint repeatedly seeks a declaration that FERC's 2017

---

U.S. 422, 431 (2007) ("there is no mandatory sequencing of jurisdictional issues").
Conversely, if this Court were to disagree with Mountain Valley as to Article III
jurisdiction, it could affirm the judgment by holding that the Natural Gas Act
deprived the district court of jurisdiction, without resolving whether Section 324
affects this Court's statutory jurisdiction.  *See Am. Hospital Ass'n v. Azar*, 964 F.3d
1230, 1246 (D.C. Cir. 2020) ("The law of our circuit allows a court to assume
hypothetical *statutory* jurisdiction even if we cannot assume Article III
jurisdiction.").

certificate order for the Mountain Valley Pipeline is "void." JA20 (Complaint ¶ 47); JA21 (Complaint ¶ 53); JA22 (Complaint ¶ 64); JA22-23 ("wherefore" clause); *see* JA183 (Plaintiffs conceding that "[v]oiding" Mountain Valley's certificate is the "direct and tangible relief" they seek); *see also Bohon* Oral Arg. 9:25-10:35 (Plaintiffs' counsel conceding that, if they prevail at trial, FERC's "certificate that's affecting our clients" would be "void" and "set aside"). Plaintiffs' current suggestion that their case is "unrelated" to any "agency action," or has "nothing to do with . . . permits," cannot be squared with the record. Pls.' Supp. Br. 10-11. Similarly, in recently asking this Court to enjoin Mountain Valley from "constructing" the Project, Plaintiffs argued that FERC's decision to "issu[e the] certificate[]" was "unconstitutional." Pls.' Inj. Mot. 14, Doc. 2022031. In other words, through this suit, Plaintiffs seek to stall Project construction until the "certificate" is declared unlawful.

The District Court and this Court both correctly understood this case as a "collateral attack on the FERC Order" granting Mountain Valley's certificate, and those record-specific conclusions remain valid today. *Bohon*, 37 F.4th at 666; *accord* JA279. A request for a judicial decree "void[ing]" Mountain Valley's FERC certificate falls squarely within Section 324's withdrawal of jurisdiction to review FERC's "authorization . . . for . . . the Mountain Valley Pipeline." Act § 324(e)(1).

6

Plaintiffs' suggestion that Section 324 covers **only** "permitting cases [then] pending in the Fourth Circuit," Pls.' Supp. Br. 9, 11, has no basis in Section 324's text, purpose, or history.  As the United States has confirmed, "Section 324(e)(1) . . . applies to . . . *Bohon v. FERC*."  Fed. Respondents' Response 24 n.5, *Mountain Valley Pipeline LLC v. Wilderness Soc'y* (S. Ct. No. 23A35), 2023 WL 4706845 (July 21, 2023).  Consistent with the statutory text, Section 324's express purpose is to "expedit[e]" and "facilitat[e] the completion of the Mountain Valley Pipeline" because "timely completion of [its] construction and operation . . . is required in the national interest."  Act §§ 324, 324(b) , 324(d).

**B.     Section 324 Does Not Violate the Separation of Powers.**

**1.     *National Coalition* Rejected a Similar Separation-of-Powers Challenge.**

*National Coalition* rejected a similar separation-of-powers challenge to a statute enacted to ensure the prompt construction of the World War II Memorial on the National Mall, and to extinguish pending litigation against that project.  That statute required the Memorial to be "constructed expeditiously" at the selected site, and provided that the Memorial's permits "shall not be subject to judicial review." 269 F.3d at 1094.  Like Plaintiffs here, opponents argued that the statute usurped judicial power under Article III and violated *United States v. Klein*, 80 U.S. (13 Wall.) 128 (1872).  *Compare Nat'l Coalition*, 269 F.3d at 1095-96, *with* Pls.' Supp. Br. 13-16.

This Court upheld the Memorial statute. It emphasized that while *Klein*'s "exact meaning is far from clear," that decision has been clarified and narrowed by subsequent Supreme Court precedent. *See Nat'l Coalition*, 269 F.3d at 1096-97 (citing, inter alia, *Robertson v. Seattle Audubon Soc'y*, 503 U.S. 429 (1992)); *see also Robertson*, 503 U.S. at 438 (reading *Klein* to mean that even if Congress may not compel courts to reach specific "findings or results under old law," Congress can make "changes in law" that dictate outcomes in pending cases). *Klein*, this Court concluded, "cannot be read as a prohibition against Congress's changing the rule of decision in a pending case," or even as prohibiting Congress from "changing the rule to assure a pro-government outcome." *Nat'l Coalition,* 269 F.3d at 1096. Even if *Klein* prevents Congress from "direct[ing] the outcome in a pending case without amending the substantive law" (an issue on which this Court "express[ed] no view"), the Memorial statute **did** "amend[] the applicable substantive law," and therefore "present[ed] no more difficulty" than similar statutes upheld in other cases. *Id.* at 1097 (citing *Robertson*, 503 U.S. at 441).

As in *National Coalition*, Section 324 amends the governing law in at least two ways. First, Section 324 changes the law by "ratif[ying] and approv[ing]" Project authorizations, "[n]otwithstanding any other provision of law." *See* Act § 324(c)(1); *United States v. Heinszen*, 206 U.S. 370, 382 (1907). Second, Section 324 changes the law by limiting federal court jurisdiction that Congress had

8

previously conferred.  *See* Act § 324(e)(1); *Patchak v. Zinke*, 138 S. Ct. 897, 906 (2008) (plurality op.) ("Statutes that strip jurisdiction change the law for purpose of Article III." (internal quotation marks and alteration omitted)), *aff'g Patchak v. Jewell*, 828 F.3d 995 (D.C. Cir. 2016).  These changes in law are analogous to those found sufficient in *National Coalition*.[2]

The Supreme Court has cited *National Coalition* with approval on relevant grounds, *see Bank Markazi v. Peterson*, 578 U.S. 212, 234 (2016).  This Court itself has also reaffirmed *National Coalition*.  *See Friends of the Earth v. Haaland*, No. 22-5036, 2023 WL 3144203, at *2 (D.C. Cir. Apr. 28, 2023) (upholding provision of Inflation Reduction Act that instructed agency to issue leases that were being challenged in pending litigation); *Friends of Animals v. Jewell*, 824 F.3d 1033, 1036-45 (D.C. Cir. 2016) (similar).

Plaintiffs would distinguish *Patchak* on the ground that they seek to raise constitutional, not statutory claims.  Pls.' Supp. Br. 16.  But whether or not the

---

[2] The Fourth Circuit recently cited *National Coalition* with approval, in rejecting a separation-of-powers challenge to Section 324 by other Project opponents.  *See Appalachian Voices v. U.S. Dep't of the Interior*, 78 F.4th 71, 77-78 (4th Cir. 2023).  In the Fourth Circuit, environmental groups had challenged certain federal permits for the Project.  After Section 324 was enacted, the Fourth Circuit stayed those permits.  The Supreme Court vacated the Fourth Circuit's stays on emergency application by Mountain Valley.  *Mountain Valley Pipeline, LLC v. Wilderness Soc'y*, No. 23A35, 2023 WL 4770018, at *1 (U.S. July 27, 2023).  The Fourth Circuit subsequently dismissed the cases in light of Section 324.  78 F.4th at 77-78.

Natural Gas Act forecloses district court jurisdiction (*see supra* § I), *this Court* clearly would have had jurisdiction to hear all of Plaintiffs' constitutional claims, if those claims had been timely raised at the agency and in a timely petition for review of the 2017 Mountain Valley certificate, pursuant to 15 U.S.C. § 717r(b).  Congress enacted Section 324 four years after this Court had exercised jurisdiction (and this Court's judgment become final) to adjudicate similar constitutional claims that were timely raised under § 717r(b).  *See Mountain Valley Pipeline, LLC*, 163 FERC ¶ 61,197, PP 63, 73-75 (2018) (addressing non-delegation arguments related to eminent domain); *Appalachian Voices*, 2019 WL 847199, at *2.[3]  Given the unusual posture of this case (where Congress legislated years after FERC's order was reviewed by this Court and became final), it does not present any due process or other questions about Congress "deny[ing] *any* judicial forum for a colorable constitutional claim," *Webster v. Doe*, 486 U.S. 592, 603 (1988) (emphasis added). Plaintiffs had timely access to an Article III forum, but chose not to avail themselves of it.  *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 9 (2012) ("*Webster*'s [heightened]

---

[3] Plaintiffs chose not to intervene in the Commission's certificate proceedings or petition for judicial review, but they can hardly claim to have been unaware.  *See, e.g.*, 18 C.F.R. § 157.6(d) (landowner notification requirements); Addendum to Petitioners' Joint Opening Br. at ADD. 105, *Appalachian Voices v. FERC*, No. 17-1271 et al. (Doc. 1748841) (Sept. 4, 2018) (associational standing declaration submitted by Cletus Bohon as member of petitioner Appalachian Voices, in timely challenges to Mountain Valley certificate).

standard does not apply where Congress simply channels judicial review of a constitutional claim to a particular court.").  Plaintiffs' constitutional claims were jurisdictionally and time-barred *years* before Congress enacted Section 324.

> **2.     Plaintiffs' Other Separation-of-Powers Arguments Are Wrong.**

Plaintiffs offer several other arguments, but each fails.  Their principal contention is that the validity of a jurisdiction-stripping statute should turn on whether Congress stripped jurisdiction with the "motive" to "violate or bypass the Constitution."  Pls.' Supp. Br. 14-16.  Plaintiffs would derive that standard from *Klein*.

Plaintiffs' argument, however, is contrary to post-*Klein* caselaw.  *Klein* itself "has been called 'a deeply puzzling decision,'" and "[m]ore recent" precedent has clarified that *Klein* does "not inhibit Congress from 'amend[ing] applicable law.'" *Bank Markazi*, 578 U.S. at 226 (citation omitted).  "Congress may indeed direct courts to apply newly enacted, outcome-altering legislation in pending civil cases." *Id.* at 229.  That is true even for legislation that is "particularized" rather than "generally applicable" (Pls.' Supp. Br. 17):  The "[Supreme] Court and lower courts have upheld as a valid exercise of Congress'[s] legislative power diverse laws that governed one or a very small number of specific subjects." *Bank Markazi*, 578 U.S. at 234 (citing *National Coalition*).

Nor does Congress violate the separation of powers if it "[t]arget[s] specific cases to produce a specific result to favor a particular party."  Pls.' Supp. Br. 15; *accord id.* at 15-16.  *National Coalition* made clear that *Klein* "*cannot* be read as a prohibition against Congress's changing the rule of decision in a pending case," or even as prohibiting Congress from "changing the rule to assure a pro-government outcome." 269 F.3d at 1096 (emphasis added).  And the *Patchak* plurality confirmed that "Congress can make laws that apply retroactively to pending lawsuits, even when it effectively ensures that one side wins."  *Patchak*, 138 S. Ct. at 905 (citing *Bank Markazi*, 578 U.S. at 227-34).

Plaintiffs read *Klein* to say that Congress cannot withdraw jurisdiction "as a means to an end."  Pls.' Supp. Br. 14 (quoting *Klein*, 80 U.S. at 145).  But whatever the continuing validity of that language from *Klein*, the particular "end" Congress sought to achieve in *Klein* was to "deny [effect] to pardons granted by the President"—a result which itself violated the separation of powers. 80 U.S. at 145; *see Bank Markazi*, 578 U.S. at 227.  Here, the relevant "end" is Congress's exercise of its own constitutional authority to ratify certain federal authorizations for an interstate pipeline project and to foreclose courts from further review of those authorizations.  Those actions do not implicate the separation-of-powers concern from *Klein* involving the President's exclusive pardon authority.  *Contra* Pls.' Supp. Br. 16.  And Congress may ratify prior government action, including doing so

12

retroactively for actions (unlike those here) that were unauthorized when taken.  *See Heinszen*, 206 U.S. at 382-83; *Patchak*, 138 S. Ct. at 911 (Breyer, J., concurring); *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 19 & n.7 (D.C. Cir. 2006).  Section 324 implicates none of the concerns present in *Klein*.[4]

### C.    Plaintiffs' Remaining Constitutional Arguments Fail.

Plaintiffs briefly suggest that Section 324 violates several other constitutional provisions.  Those arguments are also meritless.

Plaintiffs first assert, citing no authority, that Section 324 violates the Titles of Nobility Clause by bestowing "special status" on a "favored part[y]."  Pls.' Supp. Br. 2, 17-18 & n.6; *see* U.S. Const. art. I, § 9, cl. 8.  To the extent the Nobility Clause is even judicially enforceable, *cf. Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 351-52, 373 (1821) (Marshall, C.J.), its function is to prevent the federal government from granting actual aristocratic titles—not from granting **other** rights or privileges. *See* J.M. Balkin, *The Constitution of Status*, 106 Yale L.J. 2313, 2352 (1997); *see also Eskra v. Morton*, 524 F.2d 9, 13 n.8 (7th Cir. 1975) (clause prohibits "the grant of any title of nobility"); *Dolenz v. Fahey*, 298 F. App'x 380, 382 (5th Cir. 2008)

---

[4] Plaintiffs argue that an "improper motive" should be inferred whenever Congress uses a jurisdiction-stripping statute to deprive a "particular group" "of constitutionally protected rights."  Pls.' Supp. Br. 15 & n.4; *see id*. at 13.  That is just arguing that a jurisdiction-stripping statute cannot violate the Equal Protection Clause or other constitutional guarantees.  Those "independent objection[s]," *Nat'l Coalition*, 269 F.3d 1092, fail for the reasons given *infra* § II.C.

(same).  Plaintiffs cite no case from any court invalidating a statute under the Nobility Clause.

Plaintiffs next contend that Section 324 violates the Equal Protection Clause by treating Mountain Valley differently from "[a]ll other pipeline companies" or perhaps by treating them differently from other landowners.  Pls.' Supp. Br. 18; *see* U.S. Const. amend. XIV.  But the Fourteenth Amendment does not prohibit legislation merely because it is "special" or "limited in its application," *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 70-71 (1978), nor does it forbid "legislative classification," *Metro. Cas. Ins. Co. of N.Y. v. Brownell*, 294 U.S. 580, 583 (1935).  What the Equal Protection Clause does prohibit are laws that are wholly arbitrary, or those that implicate fundamental rights or suspect classifications and fail to withstand heightened scrutiny.  Plaintiffs do not argue for anything other than rational-basis review.  Nor do they attempt to argue (nor could they) that Congress's stated basis for Section 324—*i.e.*, that "timely construction and operation" of the Project is "required in the national interest," Act § 324(b)—was irrational.

Finally, Plaintiffs argue that Section 324 violates the Ex Post Facto Clause by "retroactively applying a new set of rules" that "were not in place at the time of the taking."  Pls.' Supp. Br. 19; *see* U.S. Const. art. I, § 9, cl. 3.  The Ex Post Facto Clause has no relevance here, as it applies only to laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts."  *Collins v.*

14

*Youngblood*, 497 U.S. 37, 43 (1990); *accord Carmell v. Texas*, 529 U.S. 513, 525 n.14 (2000).  Where a civil, non-punitive statute "makes clear that it is retroactive"— as Congress did in § 324(e)(1)—then a court "must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted."  *Nat'l Coalition*, 269 F.3d at 1096 (internal quotation marks omitted).

## CONCLUSION

The Natural Gas Act and the Fiscal Responsibility Act both deprive the District Court of jurisdiction over Plaintiffs' claims.  This Court should dismiss the appeal or affirm the judgment of dismissal.

Date: November 13, 2023

Respectfully submitted,

*/s/ Jeremy C. Marwell*

Wade W. Massie
PENN, STUART & ESKRIDGE
208 East Main Street
Abingdon, VA 24210
Phone: 276.623.4409
Email: wmassie@pennstuart.com

Brian D. O'Neill
VAN NESS FELDMAN LLP
1050 Thomas Jefferson St., N.W.
Washington, DC 20007
Phone: 202.298.1983
Email: bdo@vnf.com

Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
Email: jmarwell@velaw.com

*Counsel for Defendant-Appellee Mountain Valley Pipeline, LLC*

15

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the word limit set in this Court's order of September 27, 2023 because it contains 3,491 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f) and 27(d)(2).

2.      This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font.


November 13, 2023                           */s/ Jeremy C. Marwell*
                                            Jeremy C. Marwell
                                            Vinson & Elkins LLP
                                            2200 Pennsylvania Avenue, NW
                                            Suite 500 West
                                            Washington, DC 20037
                                            Phone: 202.639.6507
                                            Email: jmarwell@velaw.com

                                            *Counsel for Mountain Valley Pipeline, LLC*

16

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure, I hereby certify that on November 13, 2023, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

November 13, 2023                */s/ Jeremy C. Marwell*
                                 Jeremy C. Marwell
                                 Vinson & Elkins LLP
                                 2200 Pennsylvania Avenue, NW
                                 Suite 500 West
                                 Washington, DC 20037
                                 Phone: 202.639.6507
                                 Email: jmarwell@velaw.com

                                 *Counsel for Mountain Valley Pipeline, LLC*

17