ORAL ARGUMENT HELD DECEMBER 15, 2021

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| CLETUS WOODROW AND BEVERLY ANN BOHON, *et al.*, | ) ) ) | |
| *Appellants*, | ) ) ) | **No. 20-5203** |
| v. | ) ) | On appeal from 1:20-cv-00006-JEB (D.D.C.) |
| FEDERAL ENERGY REGULATORY COMMISSION, *et al.*, | ) ) ) ) ) | |
| *Appellees.* | ) | |

### LANDOWNERS' MOTION TO GOVERN FURTHER PROCEEDINGS AND REMAND PURSUANT TO THE U.S. SUPREME COURT'S HOLDING IN <u>SEC V. COCHRAN & AXON ENTERPRISES V. FTC</u>

In accordance with controlling precedent and the United States Supreme Court's <u>unanimous 9-0 decision</u> in *Axon Enterprises v. FTC* (No. 21-86) and *SEC v. Cochran* (No. 21-1239) ***confirming*** § 1331 district court jurisdiction over structural separation of powers claims such as this one, Landowners-Appellants respectfully move this Court, pursuant to Rule 27 of the Federal Rules of Appellate Procedure and D.C. Circuit Rule 27, to promptly and immediately remand Landowners' Non-Delegation Doctrine case to district court for trial in the interests of justice and without further delay. In support thereof, Landowners state as follows:

## I.     Procedural History.

1. On April 14, 2023, the U.S. Supreme Court released a unanimous 9-0 decision in *Axon & Cochran*, 598 U.S. ___ (2023), reversing the Ninth Circuit and affirming the Fifth Circuit.

2. On January 6, 2023, the U.S. Supreme Court **granted** Petitioners' Emergency Motion to Hold their separation of powers case pending the decision on § 1331 jurisdiction in *Axon*. In so doing, the Court **rejected** MVP's argument that this case and *Axon* were "unrelated."

3. On April 24, 2023, following the unanimous 9-0 decision in *Axon*, the U.S. Supreme Court **granted** Landowners' Petition and Motion to Lift the Hold and Grant Summary Disposition, **again rejecting** the same objections of FERC & MVP who both submitted extensive supplemental briefing to SCOTUS, again incorrectly arguing this case and *Axon* were "unrelated."

4. Pursuant to *Axon*, the U.S. Supreme Court ignored MVP's and FERC's erroneous arguments, **granted** the Landowners' Petition, vacated this Court's prior Order, and remanded the case for further proceedings.

5. Landowners have conferred with MVP & FERC on this Motion. MVP opposes and has submitted its own proposal.

6. FERC takes no position on whether this Court should remand this case back to the district court.

## II. Immediate Remand is in the Interests of Justice.

7. The U.S. Supreme Court's decision is clear and unanimous: district courts retain § 1331 jurisdiction over structural separation of powers challenges to agency authority. Any further delays to trial in district court would be contrary to the interests of justice.

8. Landowners invoked the Non-Delegation Doctrine to raise a **structural separation-of-powers** challenge to the agency—to its very existence and authority to act at all.

9. Landowners alleged the agency wields illegitimate power to issue certificates, that its authority to act is derived from an unlawful and overly broad delegation of power by Congress, and that its structure violates the separation-of-powers and Non-Delegation Doctrine.

10. Landowners' case presents a challenge to the constitutional authority of the Federal Energy Regulatory Commission. *See* Brief for Center for Constitutional Jurisprudence as *Amicus Curiae*, p. 1

(emphasis added). Landowners' case is about the core principle of separation of powers which prohibits delegation of legislative power; *see id.* at p.8-9 (explaining that there is no "legislative determination" supporting this delegation and that the "power delegated to the agency is itself broad and undefined and therefore constitutionally problematic[.]") (citing *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 537 (1935); *Dept. of Transp. v. Association of American Railroads,* 575 U.S. 43, 60-61 (2015) (Alito, J., concurring)).

### III. The U.S. Supreme Court adopted the "nature of the claim" test for § 1331 jurisdiction advanced by Landowners in briefing.

11.   In briefing submitted to this Court and the U.S. Supreme Court, Landowners argued that the "<u>nature of the claim</u>" is what determines district court jurisdiction, <u>not</u> the status of agency proceedings or the existence of an agency order. *See* Brief for Petitioners 11, arguing: "It is the <u>nature</u> of the claim, not the procedural posture or identity of the property owner, that determines the district court's original jurisdiction."

12.   By contrast, FERC and MVP argued the opposite, erroneously insisting that the status of agency proceedings or the issuance of an

4

agency order strips the district court of jurisdiction and routes all constitutional challenges—even structural ones involving the separation-of-powers—to the agency.

13. But on April 14, 2023, the Supreme Court ***confirmed*** Landowners' position and held that the district court <u>retains</u> § 1331 jurisdiction over structural separation-of-powers challenges.

14. As Justice Kagan explained, deciding jurisdiction "requires considering the **<u>nature of the claim</u>**, **<u>not</u>** the **<u>status</u>** (pending or not) of an **<u>agency proceeding</u>**." *Axon*, 598 U.S. \_\_\_\_ (2023) (emphasis added).

15. Just as Axon's separation-of-powers claim is not about the FTC order, neither is Landowners' separation-of-powers claim here about FERC's order. All three claims—Cochran's, Axon's, and Landowners'—involve <u>subjection to unconstitutional agency authority</u>. Because that injury cannot be remedied by the agency or this Court on appeal, it must be raised in district court. *See Axon*, 598 U.S. \_\_\_\_ (2023) ("The court could of course vacate the FTC's order. But Axon's separation-of-powers claim is **<u>not</u>** about that order." (emphasis added).

5

16. Consistent with Landowners' arguments here,[1] the Supreme Court further rejected the agency's claims that it has "special expertise" in adjudicating separation-of-powers challenges, noting "**The Commission knows a good deal about competition policy, but nothing special about the separation of powers**;" (emphasis added);

17. The same is true here: FERC knows nothing about the Non-Delegation Doctrine and has openly admitted[2] it cannot adjudicate separation-of-powers challenges to its authority and existence.

18. Landowners have been waiting **many years** for their day in court on their structural separation of powers challenge to the agency.

WHEREFORE, in light of the U.S. Supreme Court's unanimous 9-0 decision in *Cochran* & *Axon* **confirming** § 1331 jurisdiction over structural separation-of-powers challenges, Landowners respectfully move this Court to immediately remand their Non-Delegation Doctrine/structural separation of powers case to the district court for trial

---

[1] Brief for Petitioners 17-20 (explaining the difference between the *Thunder Basin Coal Co. v. Reich* and *Elgin v. Dep't of Treasury* line of cases, where the agency could apply its special technical, scientific, or fact-finding expertise to correct the error alleged and the *Free Enterprise v. Public Co. Accounting Oversight Bd.* line of cases, including *Johnson v. Robison, Cirko v. Commissioner of Social Security,* and similar cases, where courts have repeatedly explained the agency has no expertise because "adjudication of the constitutionality of congressional enactments has generally been thought beyond the jurisdiction of administrative agencies." *Id.* at 19.

[2] *See id.* at 20 (citing FERC's Certificate Order to MVP where FERC admits: "[S]uch a question is beyond our jurisdiction: only the Court can determine whether Congress' action in passing section 7(h) of the NGA conflicts with the Constitution.").

6

without any further delays so that Landowners may finally get their 'day in court' on the merits of their structural challenge.

Respectfully submitted this 30th day of May, 2023

        CLETUS WOODROW AND BEVERLY ANN BOHON,
        WENDELL WRAY AND MARY MCNEIL FLORA,
        AND ROBERT MATTHEW AND AIMEE CHASE HAMM,

        By:    /s/ Mia Yugo
                *Of Counsel*

Mia Yugo (D.C. Cir. Bar. No. 62808)
Christopher E. Collins
YUGO COLLINS, PLLC
25 Franklin Road SW
Roanoke, VA 24011
(540) 861-1529
mia@yugocollins.com
chris@yugocollins.com

*Counsel for Landowners*

# CERTIFICATE OF SERVICE

      I hereby certify that, on May 30, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties via the Court's electronic filing system. I further certify that, pursuant to Circuit Rule 32(d)(2)&(4), I caused to be mailed, via First Class/Next Day Service, paper copies of the foregoing pursuant to Circuit Rule 27(b).

Jeremy C. Marwell
VINSON & ELKINS LLP
2200 Pennsylvania Avenue, NW
Suite 500 West
Washington, DC 20037
Phone: 202.639.6507
E-mail: jmarwell@velaw.com

Brian Dennis O'Neill
VAN NESS FELDMAN LLP
1050 Thomas Jefferson Street, NW Suite 700
Washington, DC 20007 202-298-1983
Fax: 202-338-2361 E-mail: bdo@vnf.com

Wade W. Massie
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, VA 24212
(276) 623-4409
Fax: (276) 628-5621
E-mail: wmassie@pennstuart.com

                *Counsel for Mountain Valley Pipeline, LLC*

Scott Ediger
Robert Solomon
Matthew R. Christiansen
FEDERAL ENERGY REGULATORY COMMISSION
888 First Street, NE Washington, DC 20426
202-502-8509 E-mail: scott.ediger@ferc.gov

                *Counsel for FERC*

                      */s/ Mia Yugo*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g) and Circuit Rule 32(e), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1,081 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f) and Circuit Rule 32(e)(1), and therefore is within the limit of 5,200 words.

I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Century Schoolbook 14-point font using Word.

*/s/ Mia Yugo*

May 30, 2023